United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Miguel Gonzalez, | NO. C 08-05485 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| ReconTrust Co., et al., | |
| Defendants. / | |

## I. INTRODUCTION

Miguel Gonzalez ("Plaintiff") brings this action against Countrywide Home Loans, Inc. ("Countrywide") and ReconTrust Company ("ReconTrust") (collectively, "Defendants"), alleging unfair debt collection, violations of predatory lending laws and violations of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. §§ 1961, *et seq*. Plaintiff alleges that Defendants have unlawfully attempted to foreclose on his real property located in San Jose, California.

Presently before the Court is Defendants' Motion to Dismiss.[1]  The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Defendants' Motion to Dismiss.

---

[1] (Defendants Countrywide Home Loans, Inc. and ReconTrust Company N.A.'s Notice of Motion and Motion to Dismiss First Amended Complaint, hereafter, "Motion," Docket Item No. 13.) To date, Plaintiff has not filed an opposition to Defendants' motion.

## II.  BACKGROUND

In a First Amended Complaint filed on January 30, 2008, Plaintiff alleges as follows:

On March 24, 2006, Plaintiff purchased real property located at 1949 Stowe Avenue, San Jose, California ("Subject Property").  (First Amended Complaint ¶ 7, hereafter, "FAC," Docket Item No. 12.)  The original lender financed Plaintiff's purchase of the property with a promissory note secured by an April 4, 2006 Deed of Trust.  (Id.)  Defendant Countrywide purports to service the underlying loan.  (Id. ¶ 8.)  On May 6, 2008, ReconTrust, purporting to be the Trustee, recorded a Notice of Default and Election to Sell Under Deed of Trust. (Id. ¶ 9.)  On August 29, 2008, ReconTrust recorded a Notice of Trustee's Sale against the Subject Property.  (Id. ¶ 10.)  Defendants did not have the right to foreclose on the Subject Property because they do not hold the promissory note secured by the April 4, 2006 Deed of Trust.  (Id. ¶¶ 11-12.)

On October 10, 2008, Plaintiff demanded that ReconTrust suspend any foreclosure sale until proof was given to Plaintiff that Countrywide had the original promissory note in its possession.  (FAC ¶ 13.)  Plaintiff further demanded that Defendants provide a detailed accounting as to how they calculated the amount they claim is owed by Plaintiff under the promissory note.  (Id. ¶ 15.)  ReconTrust has refused to suspend the foreclosure sale, and has not provided Plaintiff with an accounting.  (Id. ¶¶ 14, 16.)

On the basis of the allegations outlined above, Plaintiff alleges nine causes of action: 1) Fraudulent Misrepresentation; 2) Fraudulent Inducement; 3) Unfair Debt Collection Practices under California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.2, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(a), *et seq.*; 4) Predatory Lending in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1637, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and California Business and

2

Professions Code § 17200;[2] 5) violation of RICO, 18 U.S.C. §§ 1961, *et seq.*; 6) Quiet Title; 7) Declaratory Relief; 8) Injunctive Relief; and 9) An Accounting.

Presently before the Court is Defendants' Motion to Dismiss.

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

### IV. DISCUSSION

Defendants move to dismiss Plaintiff's First Amended Complaint on the ground that, *inter alia*, Plaintiff fails to allege facts supporting his conclusory allegations of wrongdoing under any of his causes of action. (Motion at 1.)

---

[2] Although Plaintiff makes a passing reference to the Real Estate Settlement Procedures Act in Paragraph 47 of his First Amended Complaint, it is the only reference to that Act, and it appears to the Court that its inclusion in Paragraph 47 was unintended.

3

**A.      The Sufficiency of Plaintiff's Complaint**

Upon review of Plaintiff's First Amended Complaint, the Court finds that he has failed to allege sufficient facts to support any of his claims. For example, with respect to his unfair debt collection causes of action, Plaintiff alleges as follows:

> Defendants and each of them, in taking the action aforementioned, have violated provisions of [the RFDCPA], including but not limited to Civil Code § 1788(e) and (f), and the federal [FDCPA].

(FAC ¶ 36.) The "aforementioned" action referred to under this cause of action is Defendants' attempt to foreclose of Plaintiff's property without providing proof that Countrywide possessed the promissory note under which Plaintiff received his mortgage, and which is secured by the April 4, 2006 Deed of Trust. (Id. ¶¶ 11-14.) The Court cannot determine from these allegations the connection between Defendants' alleged failure to possess the promissory note and unfair debt collection practices under any of the statutory provisions identified. For example, Plaintiff cites sections 1788(e) and (f) of the California Civil Code. However, these provisions do not actually exist. Assuming Plaintiff intended to reference sections 1788.10(e) and (f), which proscribe, *inter alia*, debt collection through threats of arrest and seizure of property unless permitted by law, a liberal reading of the Complaint fails to render a short and plain statement establishing Plaintiff's grounds for relief. There is no allegation that Defendants attempted to collect a debt from Plaintiff by the means described in the statute.

Similarly, Plaintiff fails to plead sufficient factual allegations to state a claim under the FDCPA. Under § 1962c of the FDCPA, debt collectors[3] are prohibited from engaging in certain forms of debt collection communications, for example, contacting debtors at "any unusual time or place." See 15 U.S.C. § 1692c. Under § 1962d, debt collectors are prohibited from using harassment, such as threats of violence, to recover a debt. See 15 U.S.C. § 1962d. In this case, Plaintiff simply alleges, in a conclusory manner, that Defendants have "violated provisions" of the

---

[3] Defendants raise the issue of whether they qualify as "debt collectors" under the FDCPA. In light of the Court's finding that Plaintiff fails to allege sufficient facts, the Court need not address the issue at this time.

4

FDCPA. (FAC ¶ 36.) Plaintiff does not allege which provisions of the FDCPA have been violated or make any allegations that appear to be a basis for a cause of action under the FDCPA.

With respect to Plaintiff's predatory lending cause of action, Plaintiff alleges as follows:

> Defendants have violated HOEPA in that they . . . failed to provide the disclosures regarding the right of rescission required by 15 U.S.C. § 1639(a) or failed to provide them in the manner required . . . [and Defendants] extended credit to Plaintiff without regard to his ability to repay in violation of § 1639(h).
>
> Defendants . . . have violated [TILA] and Regulation Z, 12 C.F.R. 226 by failing to disclose certain charges shown on the Truth In Lending Statement and improperly calculating those amounts . . . .

(FAC ¶¶ 43, 45.) Plaintiff fails to allege that his mortgage is subject to the requirements of HOEPA. See 15 U.S.C. § 1602(aa). Further, Plaintiff fails to provide any factual allegations concerning the disclosure requirements that he alleges have been violated, or identify any connection between his allegations that Countrywide does not possess the promissory note and any predatory lending conduct.

With respect to Plaintiff's RICO cause of action, Plaintiff alleges, in relevant part, as follows:

> Defendants . . . have violated RICO, including but not limited to 18 U.S.C. §§ 1962(b) and (d) through attempts to collect unlawful debts in that Defendants lack the legal right to collect the amounts set forth in the Notice of Default because they are not in possession of a note that substantiates their claim to an interest in the Subject Property . . . . In addition, Defendants have inflated the amounts due and have failed to provide an accounting to Plaintiff after it was requested in an attempt to prevent Plaintiff from redeeming the Subject Property.
>
> Defendants . . . have violated RICO including but not limited to 18 U.S.C. § 1961(a)(1), relating to mail fraud as defined in 18 U.S.C. § 1341 . . . .
>
> Defendants . . . have violated RICO, including but not limited to 18 U.S.C. § 1961(a)(1), relating to prohibited interference with commerce, robbery, or extortion, as defined under § 1951 . . . .

5

1  (FAC ¶¶ 54-55, 57.)  These allegations fail to allege all the elements of a RICO claim.[4]  Plaintiff
2  fails to identify the existence of a RICO enterprise.  In addition, Plaintiff does not provide factual
3  allegations supporting his conclusion that Defendants have committed the various alleged predicate
4  acts such as mail fraud under 18 U.S.C. § 1341 and interference with commerce through threats or
5  violence under § 1951.

6  In sum, the Court finds that Plaintiff's First Amended Complaint lacks sufficient allegations
7  to support his claims under the various statutes.  Accordingly, the Court GRANTS Defendants'
8  Motion to Dismiss Plaintiff's First Amended Complaint.

9  **B.      Supplemental Jurisdiction**

10  Federal courts do not have original jurisdiction over state law claims.  Hunter v. United Van
11  Lines, 746 F.2d 635, 649 (9th Cir. 1984).  However, district courts may exercise supplemental
12  jurisdiction over state claims when: (1) the court has established its original jurisdiction over at least
13  one claim, and (2) the federal and state claims "are so related . . . that they form part of the same
14  case or controversy."  28 U.S.C. § 1367(a).  Thus, since supplemental jurisdiction is derivative, a
15  court should not exercise supplemental jurisdiction until after it has independently acquired
16  jurisdiction over a federal cause of action.  Hunter, 746 F.2d at 649.

17  Here, Plaintiff has failed to adequately plead all of his federal causes of action and thus,
18  those claims have been dismissed by the Court.  Since the federal causes of action provide the bases
19  for the Court's jurisdiction, the Court does not have jurisdiction over Plaintiff's state law claims
20  until such time as Plaintiff cures the deficiencies of his federal causes of action.

21  **C.      Leave to Amend**

22  Leave to amend should be granted with "extreme liberality."  Eminence Capital, LLC v.
23  Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003.)  In this case, despite Plaintiff's failure to oppose

---

[4] To state a RICO claim, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity ("predicate act") (5) causing injury to plaintiff's business or property.  Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005).

6

Defendants' motion, the Court finds that Plaintiff may be able to cure the defects of his allegations. Accordingly, the Court GRANTS Plaintiff leave to file an amended complaint.

## V. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss Plaintiff's First Amended Complaint with leave to amend. On or before **March 23, 2009**, Plaintiff shall file an Amended Complaint consistent with this Order. Failure to file an Amended Complaint within the time permitted will be deemed sufficient grounds for dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b).

In light of this Order, the Court VACATES the hearing on the Motion and Case Management Conference currently set for March 16, 2009. The Court will set a new conference date after the pleadings are completed.

Dated: March 12, 2009

JAMES WARE
United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David Nathan de Ruig david.deruig@bryancave.com
Jennifer Raphael Komsky jenkomsky@sbcglobal.net
Marc Hannan Phelps marc.phelps@bryancave.com
Mitchell W. Roth fedfilings@mwroth.com
Stacey L. Herter stacey.herter@bryancave.com

**Dated: March 12, 2009**                    **Richard W. Wieking, Clerk**

                                         **By:   /s/ JW Chambers**
                                                    **Elizabeth Garcia**
                                                    **Courtroom Deputy**

**United States District Court**
For the Northern District of California